

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| RANDOLPH SCOTT BURTON,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN CO., dba WALGREEN, a foreign corporation; DOE PHARMACIST I; PHARMACIST II; DOE PHARMACIST TECHNICIAN; DOES IV-X; ROE CORPORATIONS I-X, inclusive.<br><br>Defendant(s). | CASE NO.: 2:14-cv-00084-JCM-VCF<br><br>ORDER |

This matter involves Plaintiff Randolph Burton's personal injury action against Defendant Walgreen Co. (Walgreens). Before the court is Walgreens' motion to compel deposition, responses to interrogatories, responses to requests for production of documents, and for monetary sanctions. Plaintiff failed to file an opposition. For the following reasons stated below, Walgreens' motion is granted.

### BACKGROUND

Burton commenced this action on March 14, 2013, in the District Court of Clark County Nevada. (Doc. #1). Walgreens filed an answer to Burton's complaint on July 2, 2013. *Id.* Walgreens served Burton with interrogatories and requests for production of documents on October 22, 2013. Burton then, in his petition for exemption from arbitration, produced documents showing the amount in controversy to be in excess of $75,000. Walgreens subsequently removed the case to the United States District Court, for the District of Nevada, on January 16, 2014. However, Burton has failed to respond to Walgreen's requests or otherwise participate in discovery.

## DISCUSSION

Prior to discussing Walgreens' motion the court will briefly discusses the relevant rules governing discovery proceedings.

### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) outlines the scope and limits of discovery. Rule 26(b)(1) states that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information is defined as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Courts construe Rule 26(b)(1) liberally to aid in the "preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 104 S. Ct. 2199, 2208, 81 L. Ed. 2d 17 (1984). Pursuant to the Federal Rules of Civil Procedure, Rule 33(b)(2), and 34(b)(2)(A), responses to requests for interrogatories, and production of documents are due within 30 days after service. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

If a party fails to cooperate in discovery, the opposing party may file a motion to compel pursuant to Rule 37. Fed. R. Civ. P. 37(a)(1). Rule 37 states that a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if the opposing party "fails to answer an interrogatory submitted under Rule 33" or "fails to respond" to a request under Rule 34. However, prior to moving to compel, the moving party must certify that the movant has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Furthermore, under local rule 7-2(d) "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Local Rule 7-2(d).

If after the courts granting of a motion to compel, the party fails to comply with the court order, sanctions may be imposed, including dismissal of the entire action. Fed. R. Civ. P. 37(b)(1). Rule 37 is "flexible" with regards to sanctions, and the district court has "broad" discretion to fashion appropriate sanctions under Rule 37. 8B WRIGHT, MILLER, MARCUS, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2284 (3rd ed. 2010); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (*per curiam*).

### B. Walgreens' Motion to Compel is Granted

Walgreens' served Burton with requests for interrogatories, and production of documents on October 22, 2013. (Doc. #1). Pursuant to Rules 33(b)(2), and 34(b)(2)(A), Burton's responses to Walgreens' requests were due by November 21, 2013, 30 days after service. To date, Burton has failed to respond or otherwise cooperate with discovery proceedings. (Doc. #8). Walgreens' filed a motion to compel discovery on March 14, 2014, in compliance with the requirements outlined in Rule 37 of the Federal Rules of Civil Procedure. *Id.* Burton failed to respond.

Under local rule 7-2(d), Burton's failure to file points and authorities in response to Walgreen's motion to compel discovery constitutes consent to the motion as a matter of law. *See, e.g.*, Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."). As such, the court must grant Walgreens' motion to compel discovery and set appropriate dates to complete discovery. Failure to comply with this order can subject the Plaintiff to sanctions, including the dismissal of the action in part, or in its entirety. Fed. R. Civ. P. 37(b)(2)(A)(v).

ACCORDINGLY, and for good cause shown

IT IS SO ORDERED that Walgreens' motion to compel (#8) is GRANTED.

IT IS FURTHER ORDERED that Burton respond to Walgreens interrogatories, and requests for

production of documents within (10) days of this order.

IT IS FURTHER ORDERED that Burton appear for his deposition at the office of Defense counsel, located at 1120 Town Center Drive, Suite 200, Las Vegas, Nevada 89144, at 1:00 p.m. on Tuesday, April 22, 2014.

IT IS SO ORDERED

DATED this 18th day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE